IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND PAUL HARRIS,

    Plaintiff,                        No. CIV S-11-3417 KJM GGH PS

    vs.

HEALTH AND HUMAN SERVICES,
et al.,                                 <u>ORDER AND ORDER TO SHOW CAUSE</u>

    Defendants.

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a
9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
11 "The pleading must contain something more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
15 v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
16 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
17 the court to draw the reasonable inference that the defendant is liable for the misconduct
18 alleged."  Id.

19    Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
20 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th
21 Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se
22 plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before
23 dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

24    The complaint refers to pending probate proceedings in the state appellate court.
25 (Compl. at 4, 19.)  Plaintiff phrases the issues in this case as follows: (1) the public agency
26 should have provided plaintiff the opportunity to be his mother's conservator; (2) the assets of

his mother's estate were not properly inventoried and their value was severely underestimated; and (3) defendants unlawfully had control over the house of plaintiff's mother by means of a conservatorship "trick."  (Compl. at 3-5.)   This court takes judicial notice of an unpublished state appellate court opinion which appears to concern the matters raised in the instant complaint.  See In re Conservatorship of Jones, 2011 WL 3911036 (Sept. 7, 2011).[1]

It has been well established that probate matters are not within the jurisdiction of the federal court.  Marshall v. Marshall, 547 U.S. 293, 308 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction."); Markham v. Allen, 326 U.S. 490, 494 (1946) (noting that federal courts cannot interfere with probate proceedings or assume control of property in the custody of the state court); Sutton v. English, 246 U.S. 199, 205 (1918) (observing that it is not within the jurisdiction of the federal courts to set aside a will or the probate thereof); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 45 (1909) (holding that the jurisdiction of the probate court may not be interfered with concerning the probate administration of the estate).  Therefore, plaintiff will be ordered to show cause why his action should not be dismissed in light of the pending state court action.

Furthermore, the concern for comity and federalism require the courts to refrain from interfering in pending state civil proceedings where important state interests are involved. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977).  This doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim.  See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411 U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); Middlesex County Ethic Committee

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  v. Garden State Bar Assn., 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).[2]  Younger

2  abstention may be appropriate in this case.

3        Plaintiff's reference to an ongoing probate action in the California Court of

4  Appeals, along with his request for accounting of the estate assets and that the entire

5  conservatorship file in the state court be submitted as evidence in this case (compl, at 31),

6  indicates a concession on plaintiff's part that the aforementioned legal principles may apply to

7  this case.

8        Finally, plaintiff's attempt to create federal subject matter jurisdiction by claiming

9  that defendants have deprived him of life and liberty, citing the Fifth, Eighth, Ninth and

10  Fourteenth Amendments to the Constitution, fails.  (Compl. at 19.)  A less stringent examination

11  is afforded pro se pleadings, Haines, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to

12  federal law does not create subject-matter jurisdiction.  Avitts v. Amoco Prod. Co., 53 F.3d 690,

13  694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action

14  within the court's original jurisdiction.  Id.  In any event, it is plaintiff's obligation to state the

15  basis of the court's jurisdiction in the complaint, and thus far plaintiff has not done so.

16        Plaintiff will be directed to submit a statement indicating whether indeed he is a

17  party to an ongoing probate action in the state court which concerns the same issues that are the

18  subjection of the instant federal action, and if so, why this action should not be dismissed.

19  \\\\\

20  \\\\\

21  \\\\\

22  \\\\\

23  \\\\\

---

[2] While Younger abstention typically requires dismissal by the court, a stay of the proceedings is appropriate where there has been a claim for damages.  Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004).

4

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff shall show cause in writing within twenty-one (21) days of this order why this action should not be dismissed for lack of subject matter jurisdiction.

DATED: March 6, 2012

          /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Harris3417.osc.wpd