IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND PAUL HARRIS,

     Plaintiff,                              No. CIV S-11-3417 KJM GGH PS

     vs.

HEALTH AND HUMAN SERVICES,
et al.,                                        FINDINGS AND RECOMMENDATIONS

     Defendants.

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).  On March 26, 2012, this court issued an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff's response was filed on March 19, 2012.

        Plaintiff's filing does nothing to change this court's opinion, but only confirms that this action should be dismissed for the reasons cited in the previous order, which are repeated herein.

        The complaint refers to pending probate proceedings in the state appellate court. (Compl. at 4, 19.)  Plaintiff phrases the issues in this case as follows: (1) the public agency

1

should have provided plaintiff the opportunity to be his mother's conservator; (2) the assets of his mother's estate were not properly inventoried and their value was severely underestimated; and (3) defendants unlawfully had control over the house of plaintiff's mother by means of a conservatorship "trick." (Compl. at 3-5.) This court takes judicial notice of an unpublished state appellate court opinion which appears to concern the matters raised in the instant complaint. See In re Conservatorship of Jones, 2011 WL 3911036 (Sept. 7, 2011).[1]

It has been well established that probate matters are not within the jurisdiction of the federal court. Marshall v. Marshall, 547 U.S. 293, 308 (2006) ("Decisions of this Court have recognized a 'probate exception,' kin to the domestic relations exception, to otherwise proper federal jurisdiction.")[2]; Markham v. Allen, 326 U.S. 490, 494 (1946) (noting that federal courts cannot interfere with probate proceedings or assume control of property in the custody of the state court); Sutton v. English, 246 U.S. 199, 205 (1918) (observing that it is not within the jurisdiction of the federal courts to set aside a will or the probate thereof); Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 45 (1909) (holding that the jurisdiction of the probate court may not be interfered with concerning the probate administration of the estate).

Furthermore, the concern for comity and federalism require the courts to refrain from interfering in pending state civil proceedings where important state interests are involved. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977). This doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Marshall also determined that the probate exception was not applicable in that the alleged tort, although ultimately related to the probate proceedings, was independent of those proceedings. No such independence is apparent here.

1  U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); <u>Middlesex County Ethic Committee</u>

2  <u>v. Garden State Bar Assn.</u>, 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982).[3]  <u>Younger</u>

3  abstention may be appropriate in this case.

4         Plaintiff's response to the order to show cause continues to make the case that his

5  rights were violated in the probate proceedings which are ongoing.  (Response at 10.)  He claims,

6  for instance, that he was restrained from the house in the Carmen Jones trust and the estate

7  assets.  (<u>Id.</u> at 5.)  His claim that his own personal property was seized from his mother's house,

8  and that it has nothing to do with the estate or trust property, does nothing to dissuade this court

9  from finding that there is no federal subject matter jurisdiction over probate matters or matters

10 inextricably intertwined with such state court matters.  (<u>Id.</u> at 4.)

11        Plaintiff's reference to an ongoing probate action in the California Court of

12 Appeals, along with his request for accounting of the estate assets and that the entire

13 conservatorship file in the state court be submitted as evidence in this case (compl, at 31),

14 indicates a concession on plaintiff's part that the aforementioned legal principles apply to this

15 case.

16        Finally, plaintiff's attempt to create federal subject matter jurisdiction by claiming

17 that defendants have deprived him of life and liberty, citing the Fifth, Eighth, Ninth and

18 Fourteenth Amendments to the Constitution, fails.  (Compl. at 19.)  A less stringent examination

19 is afforded pro se pleadings, <u>Haines</u>, 404 U.S. at 520, 92 S. Ct. at 595, but simple reference to

20 federal law does not create subject-matter jurisdiction.  <u>Avitts v. Amoco Prod. Co.</u>, 53 F.3d 690,

21 694 (5th Cir.1995).  Subject-matter jurisdiction is created only by pleading a cause of action

22 within the court's original jurisdiction.  <u>Id.</u>  In any event, it is plaintiff's obligation to state the

23 basis of the court's jurisdiction in the complaint, and plaintiff has not done so.

24

---

25    [3] While <u>Younger</u> abstention typically requires dismissal by the court, a stay of the proceedings is appropriate where there has been a claim for damages.  <u>Gilbertson v. Albright</u>,
26 381 F.3d 965 (9th Cir. 2004).

1  Accordingly, IT IS RECOMMENDED that: this action be dismissed for lack of
2  subject matter jurisdiction.

3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
5  fourteen (14) days after being served with these findings and recommendations, any party may
6  file written objections with the court and serve a copy on all parties.  Such a document should be
7  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
8  objections shall be served and filed within fourteen (14) days after service of the objections.  The
9  parties are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: April 9, 2012

     /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

13 GGH:076/Harris3417.fr.wpd